# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KLUCKA, | |
| Plaintiff, | Case No. 2:15-cv-02277-JCM-GWF |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| ROY L. NELSON, *et al.* | |
| Defendant. | Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint (#1-1) |

This matter is before the Court on Plaintiff David Klucka's Application to Proceed *In Forma Pauperis* (#1), filed on December 1, 2015.

Plaintiff is a pretrial detainee in the custody of the Clark County Detention Center, and he is proceeding in this action *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400.00 filing fee.[1] *See Complaint (#1-1); IFP Application (#1)*. However, on at least three (3) occasions, this Court has dismissed civil actions that Plaintiff commenced while in detention as frivolous or for a failure to state a claim upon which any relief may be granted. *See Klucka v. Lippis*, Case No. 2:05-cv-01285-JCM-GWF (D.Nev. Nov. 29, 2006) (dismissing § 1983 claims against justice of the peace and deputy district attorney, who had absolute immunity from such claims); *Klucka v. Barker*, Case No. 2:15-cv-02162-JAD-NJK (D.Nev. Dec. 8, 2015) (dismissing § 1983 claims with prejudice against appointed counsel and investigator, who were not state actors); *Klucka v. Almase*, Case No. 2:15-cv-01658-RFB-PAL (D.Nev. Feb. 17, 2016) (dismissing § 1983 claims with prejudice against appointed counsel, who was not a state actor). The Court takes judicial notice of its prior records in the above matters.

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the civil filing fee is $350.00 plus a $50.00 administrative fee. The administrative fee is waived for persons granted IFP status under 28 U.S.C. § 1915.

1    Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occassions, while
2 incarcerated or detained in any facility, brought an action or appeal in a court of the United States
3 that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which
4 relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full
5 $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28
6 U.S.C. § 1915(g).

7    In this case, Mr. Klucka alleges § 1983 claims arising from the conduct of Roy Nelson and
8 John Does #1 and #2.  The Complaint (#1-1) alleges that Defendant Nelson violated his 6th
9 Amendment right to assistance of counsel and 14th Amendment right to equal protection of the law.
10 Mr. Klucka asserts that Defendant Nelson failed to file appeals on Mr. Klucka's behalf, failed to
11 obtain potentially exculpatory video evidence, and refused to remove himself from Mr. Klucka's
12 criminal case. *Id.* at 4-5.  The Court finds that these allegations fail to plausibly allege that Mr.
13 Klucka is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047,
14 1055 (9th Cir. 2007) (holding that the exceptions to § 1915(g) applies if the complaint makes a
15 plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of
16 filing).  Additionally, the Court notes that Mr. Klucka has filed several complaints in the past which
17 made very similar, unmeritorious allegations.  *See, supra*, Klucka cases dismissed.  The law clearly
18 demonstrates that Mr. Klucka may not proceed against Defendant Nelson under the auspices of a §
19 1983 claim.  Mr. Klucka's claims against Defendant Nelson involve actions taken by Nelson in his
20 capacity as Mr. Klucka's court-appointed criminal defense attorney.  *See Polk Cnty. v. Dodson*, 454
21 U.S. 312, 320–25 (1981) (holding that "a public defender does not act under color of state law when
22 performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.");
23 *see also Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).  Thus, the Court finds that such
24 allegations fail to state a claim upon which relief may be granted.  Accordingly,

25    **IT IS HEREBY ORDERED** that Plaintiff David Klucka's Application to Proceed *In*
26 *Forma Pauperis* (#1) is **denied**.

27    . . .
28    . . .

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of April, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge